**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4490**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

COREY MICHAEL PERKINS,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:21-cr-00215-2)

─────────────

Submitted:  March 16, 2023                      Decided:  March 20, 2023

─────────────

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

─────────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Charles T. Berry, Kingmont, West Virginia, for Appellant.  Ryan Arthur Keefe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Michael Perkins pled guilty, pursuant to a written plea agreement, to conspiracy to distribute suboxone, methamphetamine, and fentanyl, in violation of 21 U.S.C. § 846. The district court sentenced Perkins to 140 months' imprisonment and a three-year term of supervised release. On appeal, Perkins' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of Perkins' guilty plea, the reasonableness of Perkins' sentence, and whether Perkins' trial counsel rendered ineffective assistance by promising Perkins a lower sentence than he received and by failing to adequately object to the sentence. Perkins has filed a pro se supplemental brief, challenging the reasonableness of his sentence and asserting that counsel was ineffective regarding his plea and at sentencing. The Government has moved to dismiss the appeal pursuant to the appeal waiver in Perkins' plea agreement. We affirm in part and dismiss in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Upon review of the record, including the plea agreement and transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Perkins knowingly and voluntarily waived his right to appeal and that his challenge to his sentence falls squarely within the scope of the appeal waiver. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope. The waiver provision, however, does not preclude our review of the validity of the guilty plea, and the waiver excepted claims of ineffective assistance of

2

counsel. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We therefore deny in part the Government's motion to dismiss.

Because Perkins did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (discussing plain error standard). Our review of the record leads us to conclude that Perkins entered his guilty plea knowingly and voluntarily and that a factual basis supported the plea. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Discerning no plain error, we conclude that Perkins' guilty plea is valid.

Although Perkins' ineffective assistance claims fall outside the scope of the appeal waiver, "we will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). Because the present record does not conclusively show that trial counsel rendered ineffective assistance, Perkins' claims are not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Perkins' valid appeal waiver. We therefore dismiss the appeal as to all issues within the waiver's scope and affirm the remainder of the district court's judgment. This court requires that counsel inform Perkins, in writing, of the right to petition the Supreme Court of the United States for further review. If Perkins requests that a petition be filed, but counsel believes that such a petition would

3

be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Perkins.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4